1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10    DIANE GROSSBOHLIN,

11              Plaintiff,                    No. CIV S-07-0639 DAD

12         v.

13    MICHAEL J. ASTRUE,                      ORDER
      Commissioner of Social Security,
14
                Defendant.
15    _____/

16              This matter is before the court on plaintiff's fully briefed motion for attorney fees

17    pursuant to the Equal Access to Justice Act (EAJA).

18              Plaintiff brought this action seeking judicial review of a final administrative

19    decision denying her application for disability benefits under Title II of the Social Security Act.

20    On June 23, 2009, following the filing of a motion for summary judgment by plaintiff and a

21    cross-motion for summary judgment by defendant, the court granted plaintiff's motion, reversed

22    the decision of the Commissioner and remanded the action for further proceedings.

23              The court's decision was based upon the conclusion that the Administrative Law

24    Judge (ALJ) had failed to identify plaintiff's fibromyalgia and Meniere's disease as severe

25    impairments and failed to properly credit the subjective pain and symptom testimony of plaintiff

26    and her daughter.  The court found that, as a result of the ALJ's failure to properly identify

1

plaintiff's fibromyalgia and Meniere's disease as severe impairments, the administrative record had not been adequately developed and therefore remanded the matter for further proceedings consistent with the court's June 23, 2009 order.  Judgment was accordingly entered for plaintiff on June 24, 2009.[1]

Plaintiff seeks a fee award of $6,466.29 for 38.75 hours of attorney time expended in connection with this action.  The amount sought is for 36.25 hours of attorney time expended in 2007, at the rate of $166.46 per hour, and for 2.5 hours of attorney time expended in 2008, at the rate of $172.85 per hour.  Defendant has not filed a response to plaintiff's motion.

The EAJA provides that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  See also Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002).  A "party" under the EAJA is defined as including "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed[.]"  28 U.S.C. § 2412(d)(2)(B) (i).  The term "fees and other expenses" includes "reasonable attorney fees."  28 U.S.C. § 2412(d)(2)(A).  "The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party 'unduly and unreasonably protracted' the final resolution of the case."  Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998) (citing 28 U.S.C. §§ 2412(d)(1)(C) & 2412(d)(2)(D)).

A party who obtains a remand in a Social Security case is a prevailing party for purposes of the EAJA.  Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993) ("No holding of this Court has ever denied prevailing-party status . . . to a plaintiff who won a remand order pursuant to sentence four of § 405(g) . . . , which terminates the litigation with victory for the plaintiff.") .

---

[1]  The undersigned apologizes to the parties, and in particular to plaintiff's counsel, for the delay in the issuance of this order.  The court will be taking steps to ensure that such delay does not occur in the future.

1    "An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if

2    the denial of her benefits is reversed and remanded regardless of whether disability benefits

3    ultimately are awarded." Gutierrez v. Barnhart, 274 F.3d 1255, 1257 (9th Cir. 2001).

4            Here, the court finds that plaintiff is the prevailing party.  Moreover, the court

5    finds that plaintiff did not unduly delay this litigation, and that her net worth did not exceed two

6    million dollars when this action was filed.  The court also finds that the position of the

7    Commissioner was not substantially justified.  See Corbin v. Apfel, 149 F.3d 1051, 1053 (9th

8    Cir. 1998) ("While the government's defense on appeal of an ALJ's procedural error does not

9    automatically require a finding that the government's position was not substantially justified, the

10   defense of basic and fundamental errors such as the ones in the present case is difficult to

11   justify."); Sampson v. Chater, 103 F.3d 918, 921-22 (9th Cir. 1996) (finding no substantial

12   justification where the Commissioner "did not prove that her position had a reasonable basis in

13   either fact or law" and "completely disregarded substantial evidence" of the onset of disability).

14           The EAJA expressly provides for an award of "reasonable" attorney fees.  28

15   U.S.C. § 2412(d)(2)A).  Under the EAJA, hourly rates for attorney fees have been capped at

16   $125.00 since 1996, but district courts are permitted to adjust the rate to compensate for an

17   increase in the cost of living.[2]  See 28 U.S.C. § 2412(d)(2)(A); Sorenson v. Mink, 239 F.3d 1140,

18   1147-49 (9th Cir. 2001); Atkins v. Apfel, 154 F.3d 986, 987 (9th Cir. 1998).  Determining a

19   reasonable fee "'requires more inquiry by a district court than finding the product of reasonable

20   hours times a reasonable rate.'"  154 F.3d at 988 (quoting Hensley v. Eckerhart, 461 U.S. 424,

21   434 (1983) (internal citations omitted)).  The district court must consider "'the relationship

22   /////

23

24           [2]  In accordance with Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and
     Ninth Circuit Rule 39-1.6, the Ninth Circuit Court of Appeals maintains a list of the statutory
25   maximum hourly rates authorized by the EAJA, as adjusted annually.  The rates may be found on
     the Court's website.  See http://www.ca9.uscourts.gov.  Here, plaintiff has requested fees at the
26   statutory maximum rates established by the Ninth Circuit.

1   between the amount of the fee awarded and the results obtained.'" Id. at 989 (quoting Hensley,

2   461 U.S. at 437).

3           Here, plaintiff's attorney obtained an award of benefits despite defendant's cross-

4   motion for summary judgment.  Having reviewed the itemization of attorney hours spent, the

5   court finds that the claimed 38.75 hours of attorney time is reasonable in this case and that the

6   number of hours claimed by plaintiff's counsel is comparable to the amount of time devoted to

7   similar tasks by counsel in other social security appeals coming before this court.

8           Plaintiff's motion includes a request that any EAJA fees awarded be paid directly

9   to plaintiff's attorney.  However, subsequent to the filing of plaintiff's motion, the United States

10   Supreme Court ruled that an attorney fee award under the EAJA is payable to the litigant and is

11   therefore subject to a government offset to satisfy any pre-existing debt owed to the United States

12   by the claimant.  Astrue v. Ratliff, ___ U.S. ___, ___, 130 S. Ct. 2521, 2526-27, 2529 (2010).

13           Subsequent to the decision in Ratliff, some courts have ordered payment of the

14   award of EAJA fees directly to plaintiff's counsel pursuant to plaintiff's assignment of EAJA

15   fees, provided that the plaintiff has no debt that requires offset.  See Blackwell v. Astrue, No.

16   CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); Dorrell v. Astrue, No.

17   CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); Calderon v. Astrue, No.

18   1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); Castaneda v. Astrue,

19   No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).  Similarly, in

20   recently submitted stipulations and proposed orders for the award of attorney fees under the

21   EAJA, the parties have stipulated that, if plaintiff does not owe a federal debt, the government

22   will consider the plaintiff's assignment of EAJA fees and expenses to plaintiff's attorney and

23   shall honor the assignment by making the fees and expenses payable directly to counsel.  The

24   court will incorporate such a provision in this order.

25   /////

26   /////

1       Accordingly, IT IS HEREBY ORDERED that:

2       1.  Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Doc.

3   No. 24) is granted;

4       2.  Plaintiff is awarded $6,466.29 for attorney fees under 28 U.S.C. § 2412(d); and

5       3.  Defendant shall determine whether plaintiff's EAJA attorneys fees are subject

6   to any offset permitted under the United States Department of the Treasury's Offset Program and,

7   if the fees are not subject to an offset, shall honor plaintiff's assignment of EAJA fees and shall

8   cause the payment of fees to be made directly to plaintiff's counsel pursuant to the assignment

9   executed by plaintiff.

10  DATED: October 20, 2011.

11

12                                      _____

13                                      DALE A. DROZD
                                        UNITED STATES MAGISTRATE JUDGE
14  DAD:6
    Ddad1/orders.socsec/grossbohlin0639.attyfees.eaja
15

16

17

18

19

20

21

22

23

24

25

26